UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUSAN, RIVERA,

    Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.
_____/

CASE NO.: 3:18-cv-869-J-32PDB

## COMPLAINT

COMES NOW Plaintiff, SUSAN RIVERA, by and through the undersigned counsel, and sues Defendant, CAPITAL ONE BANK (USA), N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like CAPITAL ONE BANK (USA), N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. "No one can deny the legitimacy of the state's goal: Preventing the (at home or in one's pocket) from frequently ringing with unwanted calls. Every calls use some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellular telephone call, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." Patriotic Veterans v. Zoeller, No, 16-2059, 2017 U.S. LEXIS 47, AT *5-6 (7th Cir. Jan 3, 2017)

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See

*Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant is a national association which was formed in Virginia with its principal place of business located at 1608 Capital One Drive, Mclean, Virginia 22102, and which conducts business in the State of Florida.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Defendant is a "creditor" as defined in Florida Statute §559.55(5)

15. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) ***-3533 and was the called party and recipient of Defendant's calls.

16. Defendant called Plaintiff approximately two hundred (200) times in an attempt to collect an alleged debt.

17. In or about July of 2014, Plaintiff began receiving telephone calls to her aforementioned cellular telephone number from Defendant seeking to recover an alleged debt.

18. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (800) 946-0332.

19. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (904) ***-3533 in an attempt to reach individuals by the name of Lakeisha Hickson and/or Cyrus Hickson.

20. Plaintiff does not currently know, nor has ever known, an individual by the name of Lakeisha Hickson or Cyrus Hickson.

21. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and she received prerecorded messages from Defendant for Lakeisha Hickson and/or Cyrus Hickson.

22. Futhermore, some or all the calls at issue were placed by Defendant using a "prerecorded vocie as specified by the TCPA, 47 U.S.C. § 227 (B)(1)(A).

23. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

24. Plaintiff does not currently have any account of business dealings with Defendant. The account/business dealing the calls are reference to, belong solely to Lakeisha Hickson and/or Cyrus Hickson.

25. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent/representative to stop calling her cellular telephone.

26. In or about July of 2014, Plaintiff answered a call from Defendant and spoke with an agent/representative who told her that they were trying to reach "Lakeisha Hickson". Plaintiff informed the agent/representative that she was not "Lakeisha Hickson" and the cellular telephone number they called belonged to her, then demanded she stop receiving calls to her cellular telephone. The agent/representative acknowledged Plaintiff wasn't "Lakeisha Hickson", but informed Plaintiff that they needed to get ahold of "Lakeisha Hickson" and would continue to call.

27. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff's cellular telephone, Defendant continued to place automated calls to Plaintiff.

28. Again, in or about June of 2018. Plaintiff answered another call from Defendant and spoke with another agent/representative who told her that they were trying to reach "Lakeisha Hickson". Plaintiff again informed the agent/representative that she was not "Lakeisha Hickson" and the cellular telephone number they called belonged to her, yet again Plaintiff demanded to stop receiving calls to her cellular telephone.

29. Each call Defendant made to Plaintiff's cellular telephone number was done without the "express consent" of Plaintiff.

30. Each call Defendant made to Plaintiff's cellular telephone number after Plaintiff informed Defendant agent/representative that she wanted the calls to stop was done knowingly and willfully.

31. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

32. Dfendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

33. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff; despite these individuals explaining to Defendant they wish for the calls to stop.

34. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

35. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

36. Defendnat has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

37. Defendant's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

38. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

39. Not a single call placed by Defendant to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

40. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

41. From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

42. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

43. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

44. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

45. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

46. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

47. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular telephone services.

48. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and the annoyance of these calls that were made to her cellular telephone.

## COUNT I
### (Violation of the TCPA)

49. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-eight (48) as if fully set forth herein.

50. Defendnat willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defenant that she wished for the calls to stop.

51. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE BANK (USA), N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

52. Plaintiff fully incorporates and re-alleges paragraphs (1) through forty-eight (48) as if fully set forth herein

53. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

54. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

55. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

56. Defednat has violated Florida Statute § 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist.

57. Defednant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE BANK (USA), N.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and

any other such relief the court may deem just and proper.

                              Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Primary Email: TGomez@ForThePeople.com
Seconday Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*